# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **PROTECTIVE LIFE INSURANCE COMPANY,** | ) ) ) |
| *Interpleader Plaintiff*, | ) ) |
| vs. | ) ) CIVIL ACTION NO. 2:22-cv-84-TBM-RPM |
| **LASHONDA COX AND JERRY W. COX,** | ) ) ) ) |
| *Interpleader Defendants*. | ) ) |

## COMPLAINT-IN-INTERPLEADER

Interpleader Plaintiff Protective Life Insurance Company ("Protective"), through its undersigned counsel and pursuant to 28 § U.S.C. 1335, hereby submits this Complaint-in-Interpleader against Defendants LaShonda Cox and Jerry W. Cox (collectively, the "Interpleader Defendants") as follows:

## PARTIES

1. Protective is a corporation existing under the laws of the State of Tennessee, with its principal place of business located in Birmingham, Alabama. Protective is, and at all relevant times was, authorized to transact business in the State of Mississippi.

2. Upon information and belief, Interpleader Defendant LaShonda Cox is a citizen of the State of Mississippi, and she presently resides in Jasper County, Mississippi. Upon further information and belief, Ms. Cox is the former spouse of Aaron Jerry Lee Cox, the insured under the life insurance policy at issue in this interpleader lawsuit (the "Insured").

1

3. Upon information and belief, Interpleader Defendant Jerry W. Cox is a citizen of the State of Louisiana, and he presently resides in Washington Parish, Louisiana. Upon further information and belief, Mr. Cox is the father of the Insured.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 § U.S.C. 1335 because there is minimal diversity among the adverse claimants and the amount in controversy exceeds $500.00.

5. Venue is proper in this district pursuant to 28 § U.S.C. 1397 because this is a judicial district in which one or more of the Interpleader Defendants resides.

6. In this statutory interpleader action, nationwide service of process is made pursuant to 28 § U.S.C. 2361, and this Court may exercise personal jurisdiction over all Interpleader Defendants.

## GENERAL ALLEGATIONS

7. On or around June 15, 2002, Protective issued a policy insuring the life of Aaron Jerry Lee Cox (defined above as the "Insured") in the face amount of $500,000.00—Policy No. PL0756840 (the "Policy"). In the application that was incorporated as part of the Policy, the Insured was designated the Policy's owner, and LaShonda R. Cox was designated as the Policy's primary beneficiary. Jerry W. Cox was designated as the Policy's contingent beneficiary.

8. The Policy was issued and delivered to the Insured in the State of Louisiana.

9. On or around December 5, 2019, the Insured submitted to Protective a Change of Beneficiary form naming Jerry W. Cox as the Policy's primary beneficiary and Brenda G. Cox, the Insured's mother, as the Policy's contingent beneficiary.

10. Upon information and belief, the Insured died on December 3, 2022.

11.     Following the Insured's death, Jerry W. Cox contacted Protective to initiate a claim for the Policy's death benefit. Protective then mailed to Mr. Cox the necessary forms required to make a claim for the Policy's death benefit.

12.     On December 12, 2022, via electronic mail, Protective received a letter of representation for LaShonda Cox from the office of attorney Thomas L. Tullos, II. The letter stated in relevant part:

> I represent LaShonda Cox. LaShonda Cox was at one time married to Aaron Jerry Lee Cox. They were divorced one from the other on or about May 5, 2021, and a certified copy of the Final Judgement of Divorce is attached hereto.
>
> On page five, paragraph seventeen of the Final Judgment of Divorce you will see that the Defendant, Aaron Jerry Lee Cox, was ordered to keep in full force and effect a $500,000.00 life insurance policy which had been issued by and through his insurance agent, Mitch Welch.
>
> It is my client and my understanding that Protective Life Insurance Company issued a $500,000.00 dollar insurance policy to the decedent.
>
> This letter is to put you on notice that my client, LaShonda Cox, is the court ordered beneficiary of the life insurance policy. Therefore, any monies payable by and through the life insurance policy is to be paid unto my client, LaShondia Cox. Aaron Jerry Lee Cox did not have the right to change the named beneficiary of the policy.

Enclosed with this correspondence was a copy of the Final Judgment of Divorce dissolving the marriage between LaShonda Cox and the Insured, which was entered by the Chancery Court of the Second Judicial District of Jasper County, Mississippi, on May 5, 2021 (the "Final Judgment of Divorce").

The portion of the Final Judgment of Divorce referenced in Attorney Tullos's letter provided in relevant part:

> 17.
>
> That at the present time the Defendant has a $500,000 life insurance policy which has been issued by and through his insurance agent, Mitch Welch. That the Plaintiff shall be named as the owner and beneficiary of said policy, and the Defendant shall be required to keep said life insurance policy in full force and effect upon his life. If the Defendant has allowed said insurance policy to lapse, he shall immediately obtain other life insurance coverage of the same like and coverage in an amount of $500,000. The Plaintiff shall be named as the owner and sole beneficiary of said policy.

> **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**
>
> that the Defendant is hereby required to procure a life insurance policy through his insurance agent, Mitch Welch, in the amount of $500,000, and that the Plaintiff shall be named as the owner and beneficiary of said policy;

13. Protective then mailed the requisite forms to LaShonda Cox to make a claim for the Policy's death benefit.

14. On or around March 7, 2023, Protective received a letter of representation for Jerry W. Cox from attorney Paul J. Mayronne of the law firm Jones Fussell, L.L.P. The letter stated in relevant part:

> Please be advised that I represent Mr. Jerry W. Cox in regards to the above-referenced Policy. As you are aware, Mr. Aaron Cox, the Insured, is deceased. Moreover, my client, Mr. Jerry W. Cox is the record beneficiary under the Contract, as evidenced by your letter of December 6, 2022, which letter is attached hereto.
>
> The purpose of this letter is to unequivocally make you aware that Mr. Jerry Cox is alive and well and fully expects to receive the payout pursuant to the Contract. Any payout on the Contract, to any other party, would be an error, as my client is the sole beneficiary.

15. To date, Protective has not received completed claim forms from either LaShonda Cox or Jerry W. Cox.

16. To date, Protective has not received additional information from either LaShonda Cox or Jerry W. Cox confirming whether the "$500,000 life insurance policy" referenced in the Final Judgment of Divorce was, in fact, the Protective Policy or a different life insurance policy.

17. In light of the foregoing, Protective cannot determine without peril the proper party to whom the Policy's death benefit is payable. On the one hand, if the Final Judgment of Divorce was referring to the Protective Policy and required the Insured to retain LaShonda Cox as the Policy's beneficiary, the Policy's death benefit is owed to LaShonda Cox. On the other hand, if the Final Judgment of Divorce was referring to a different life insurance policy, the proceeds are owed to Jerry W. Cox as the primary beneficiary of record on the date of the Insured's death. Accordingly, Protective has been compelled to retain counsel and file the instant interpleader action.

### INTERPLEADER TO DEPOSIT POLICY PROCEEDS
### INTO THE REGISTRY OF THE COURT

18. Protective incorporates by this reference each preceding paragraph as if fully set forth herein.

19. Protective admits the Policy's death benefit is payable. However, due to the contest surrounding the Policy's primary beneficiary, as described above, Protective cannot determine without peril the proper party to whom the death benefit is owed.

20. Protective claims no beneficial interest in the Policy's death benefit, and it is instead a mere stakeholder.

21. Unless the conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, Protective may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy's death benefit.

22. Protective is ready, willing, and able to pay the Policy's death benefit into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

23. Protective is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against Protective for the recovery of any claim, in whole or in part, against the Policy.

24. Protective should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this action.

**PRAYER FOR RELIEF**

WHEREFORE, Protective respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

1. That the Policy's death benefit be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which of the Interpleader Defendants is rightfully entitled to the Policy's death benefit;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, and/or assigns, from instituting or maintaining any action in any court or forum against Protective for the recovery of any claim, in whole or in part, against the Policy;

4. That an award be made to Protective out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that Protective is compelled to expend in the prosecution of this lawsuit;

5. That Protective be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy with an express finding of finality; and

6. That Protective be awarded such other and further relief as the Court may deem just and proper.

Dated: June 5, 2023

Respectfully submitted,

/s/ John N. Bolus
John N. Bolus
MAYNARD NEXSEN P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35209
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
Email: jbolus@maynardnexsen.com

*Attorney for Interpleader Plaintiff
Protective Life Insurance Company*